IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:20-cr-157 (2) |
| v. : | |
| : | Chief Judge Algenon L. Marbley |
| NICOLE GEORGES, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before the Court on the Defendant's Motion to Sever. (ECF No. 26). The Government opposes the Defendant's Motion. (ECF No. 27). For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

On September 22, 2020, the United States returned a fifteen-count indictment against Defendants Jimmy Henry and Nicole Georges. (ECF No. 5). Only one count, Count Eleven for soliciting and receiving health care kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(1)(B), includes Ms. Georges. (*Id.* ¶¶ 47–48). The indictment alleges that Ms. Georges aided and abetted Dr. Henry in knowingly and willfully soliciting renumeration in return for purchasing, leasing, ordering, and arranging for and recommending the purchase of a significant increase in Subsys prescriptions. (*Id.* ¶ 48). Ms. Georges was previously employed by Insys Therapeuticals, which manufactured Subsys. (ECF No. 23 at 3–4; ECF No. 5 ¶ 32). Subsys is a fentanyl-based sublingual spray. (ECF No. 5 ¶ 32). The alleged kickback scheme arises from Dr. Henry's participation in a "speaking program" conducted by Insys, wherein Henry received payments for his participation. (*Id.* ¶ 39) The indictment alleges that as Dr. Henry participated in the speaker program, the number

1

of prescriptions he wrote for Subsys that were reimbursed through Medicare and Ohio Medicaid rose. (*Id.* ¶ 40).

As to Ms. Georges' role in the alleged kickback scheme, the returned indictment states that Ms. Georges coordinated speaking engagements in accordance with Dr. Henry's "Speaker Agreement" contracts, which included scheduling the event, catering the event, attending the event, collecting sign-in sheets from participants, and submitting documentation to Insys so Dr. Henry would be paid. (*Id.* ¶ 41). The indictment charges Ms. Georges with one count of soliciting and receiving healthcare kickbacks for her role in coordinating an event on September 11, 2015 in Columbus, Ohio, wherein Dr. Henry received a payment of $2,200 from Insys for his participation. (*Id.* ¶ 48). Dr. Henry is the sole defendant as to the remaining fourteen counts of the indictment, which include nine counts of unlawful distribution and dispensing of controlled substances, one count of conspiracy to distribute controlled substances unlawfully, one count of conspiracy to commit health care fraud, and three counts of health care fraud. (*See* ECF No. 5).

Trial in this case is set to begin on Monday, June 7, 2021. On March 23, 2021, Ms. Georges timely filed a motion to sever. (ECF No. 23). Ms. Georges raises two arguments in support of her motion to sever. First, she argues that requiring her to be tried jointly with Dr. Henry will prejudice her because of potential "spillover" effect on the jury. (*Id.* at 2–3). "Spillover" occurs where evidence related to one defendant taints the jury's perception of the other defendant, such that a jury may impute guilt to one defendant for the activities of her co-defendant. (*Id.*). Ms. Georges argues that the volume and nature of the other charges against Dr. Henry will result in an untenable risk of spillover if she is to be tried jointly with him. (*Id.* at 3–4). Second, Ms. Georges argues that her Sixth Amendment right to confront her witnesses could be implicated if the Government introduces statements by Dr. Henry regarding Ms. Georges and Dr. Henry does not testify at the

joint trial, as it would rob her of her ability to cross examine Dr. Henry on any such statements. (*Id.* at 4).

The Government opposes the motion to sever on both grounds. The United States first responds that the potential spillover effect is an insufficient legal reason for severance but does acknowledge that it would discuss potential limiting instructions at the trial to minimize risk of prejudice to Ms. Georges. (ECF No. 27 at 6–7). Next, the United States argues that there is no danger of a violation of Ms. Georges' Sixth Amendment rights because it does not possess any statements by Dr. Henry that would implicate her and has no intention to introduce "any statements of that kind" in the trial. (*Id.* at 8).

## II. STANDARD OF REVIEW

Rule 8(b) of the Federal Rules of Criminal Procedure permit multiple defendants to be indicted together so long as "[e]ach of the counts of the indictment arises out of the same act or transaction or series of acts or transactions." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 2003). The trials of defendants properly joined under Rule 8 may be severed, however, if a joint trial "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Whether or not to grant severance is within the sound discretion of the district court. *See United States v. Caver*, 470 F.3d 220, 238–39 (6th Cir. 2006). The Supreme Court has acknowledged that there is a preference for joint trials because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). District courts should permit severance under Rule 14(a) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. To succeed on a motion to sever, a defendant "must show compelling, specific, and actual prejudice from a court's refusal to grant

the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Appellate courts will not reverse a trial court's decision to sever, unless it can be shown that the defendants were prejudiced in some way by the court granting severance. *See United States v. Furness*, No. 3:19-cr-098(4), 2021 WL 736900, at *1 (S.D. Ohio Feb. 25, 2021) (citing *Jackson v. United States*, 412 F.2d 149, 151 (D.C. Cir. 1969)).

### III. LAW & ANALYSIS

#### A. Risk of Prejudice from a Joint Trial

When considering a criminal defendant's motion to sever under Rule 14, a district court must weigh the potential risk of prejudice to the defendant from a joint trial against the preference for judicial economy. Despite the strong preference for joint trials where defendants are indicted together, Rule 14 will permit the court to grant a severance of properly joined defendants or "provide whatever other relief justice requires." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (quoting Fed. R. Crim. P. 14). Defendants will not be entitled to a separate trial solely because their odds of acquittal may improve if they go it alone. *Id.* (citing *United States v. Warner*, 971 F.3d 1189, 1196 (6th Cir. 1992)). The Supreme Court has acknowledged that the risk of prejudice to a criminal defendant from a joint trial will be heightened, however, where "defendants are tried together in a complex case and they have markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539. Typically, a defendant must allege "compelling, specific, and actual prejudice" to succeed on a motion to sever. *Gardiner*, 463 F.3d at 473. Risk of prejudice may arise from what has been termed "spillover effect," which describes the risk that a jury will convict a defendant "not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators." *See United States v. Gallo*, 763 F.2d 1504, 1526 (6th

4

Cir. 1985) (quoting *United States v. Tolliver*, 541 F.2d 958, 962 (2d Cir. 1976)). Ultimately, the decision to sever is committed to the district court's sound discretion.

Ms. Georges urges this Court to sever her from the trial of her co-defendant, in part, on the basis of spillover effect. Ms. Georges points to several ways in which she may suffer from a spillover effect if she is jointly tried with Dr. Henry. She first notes that Dr. Henry and an unnamed individual are charged with multiple conspiracies on the indictment, while she has not been included in any conspiracy charges. (ECF No. 26 at 3). She argues that it is likely that the jury will assume that Ms. Georges is involved in the conspiracy, even though she is not charged with this conduct, and this will make it difficult for the jury to relate evidence to the proper defendants. (*Id.*). Next, Ms. Georges emphasizes the serious discrepancy in charges between Dr. Henry—who also faces multiple counts of unlawful distribution, healthcare fraud, and conspiracy—and her sole charge of receiving healthcare kickbacks. (*Id.*). Ms. Georges stresses that her limited involvement in the overall charged conduct, as she was a pharmaceutical representative who arranged luncheons, stands in stark contrast to the bulk of the conduct in the indictment, which relates to Dr. Henry's alleged prescribing practices. (*Id.* at 3–4). She argues that she will be substantially prejudiced by the strong likelihood of spillover effect in a lengthy trial wherein most of the focus will be on Dr. Henry's charges and evidence solely related to Dr. Henry. (*Id.*).

The Government counters that the risk of prejudice from cumulative evidence is inherent in joint trials and that Ms. Georges is not entitled to severance because the evidence against her codefendant is more damaging. (ECF No. 27 at 6). The Government emphasizes the preference in the federal system for joint trials and the presumption that juries will competently navigate facts and evidence to individually determine each defendant's guilt. (*Id.*). In response to Ms. Georges' argument about disproportionality, the Government avers that all fifteen counts of the indictment

stem from the alleged kickback agreement, for which the Defendant was charged for her involvement. (*Id.* at 7). The Government contends that there will be "significant factual and witness overlap" between the cases, so Ms. Georges should not be severed "in the interest of justice and judicial economy." (*Id.*). The Government also notes that limiting instructions would be a more appropriate remedy, as opposed to severance, and would suffice to cure the risk of prejudice. (*Id.* at 7–8).

Many courts facing Rule 14 motions to sever must do so in cases where co-defendants are charged in a conspiracy and argue that differing levels of culpability between the co-defendants make joint trials impermissible. In *United States v. Cope*, the Sixth Circuit noted that the inherent preference for joint trials is even more apt when co-defendants are charged in a conspiracy. *See* 312 F.3d 767, 780 (6th Cir. 2002). Even the existence of a conspiracy charge, however, may not prevent a district court from severing a defendant or charges where a joint trial will also concern many charges unrelated to the conspiracy charge, especially where one co-defendant was charged with all of the counts and another defendant was only charged with one. *See United States v. Davidson*, 936 F.3d 856, 857 (6th Cir. 1991) (discussing lower court's decision to sever where a defendant was charged with only one count of conspiracy in a case with a ten-count indictment). In cases where there exists a serious incongruity between the charges against one defendant and the charges against her co-defendant, the risk of spillover effect is heightened. *See Gallo*, 763 F.2d at 1526 (quoting *Tolliver*, 541 F.2d at 962) (noting that spillover effect may cause the jury to convict a defendant "not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators"). Ms. Georges is charged with one count of soliciting healthcare kickbacks, while the Government has brought myriad other charges against her co-defendant for unlawful distribution and healthcare fraud. While the Government attempts

to paint all of Dr. Henry's conduct as intimately connected to the kickback scheme in which Ms. Georges is charged, it does so with too broad a brush. The only allegations against Ms. Georges in the indictment relate to her arrangement of a luncheon for which Dr. Henry was paid to participate under a speaking arrangement. While the speaker program is allegedly the core of the kickback scheme, the indictment only ties Ms. Georges to the arrangement of one luncheon. Thus, this Court is not convinced by the Government's assertion that Ms. Georges should stand trial with Dr. Henry on her single charge because all of the conduct, at bottom, relates to the kickback scheme.

Joint trials serve judicial economy and the speedy trial rights of defendants, especially when "the offenses charged may be established against [all] defendants with the same evidence and result from the same series of acts." *United States v. Mays*, No. 1:14-cr-120-3, 2015 WL 4624196, at *11 (S.D. Ohio Aug. 3, 2015) (quoting *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990)). Efficiency will be realized when there is a significant amount of overlapping evidence necessary to prove both cases and "much if not all the same testimony" would be introduced against each defendant. *United States v. Reed*, 647 F.2d 678, 689 (6th Cir. 1981). While the Government asserts that there will be "significant factual and witness overlap" between the two cases, it surely cannot plan to introduce the same volume of evidence against a defendant charged with one count of participating in a kickback scheme as it plans to introduce against a defendant charged with several counts of unlawful distribution, healthcare fraud, and conspiracy, in addition to his participation in the kickback scheme. There exists a serious discrepancy in the charges against Ms. Georges and those against her co-defendant: her allegedly culpable conduct relates to but a sliver of the conduct to be put before the jury. While this Court indeed shares the Government's concerns for judicial economy and efficiency, this Court also has the right to manage its own criminal trial calendar. *See United States v. Furness*, No. 3:19-cr-098(4), 2021

7

WL 736900, at *2 (S.D. Ohio Feb. 25, 2021) (collecting cases). Where a criminal defendant is likely to face serious prejudice in the absence of severance, judicial economy may need to give way to ensure her rights are protected.

This Court finds that a joint trial will result in unnecessary prejudice to Ms. Georges in light of the disparity in the amount of evidence and charges against her and her co-defendant, respectively. As previously discussed, Ms. Georges faces a single charge for her participation in the kickback scheme, while her co-defendant faces fifteen charges. While many of Dr. Henry's charges are related to the same kickback scheme, the majority of these charges involve events and conduct concerning which the Government has not alleged that Ms. Georges had any involvement. The indictment only charges her for the arrangement of a single luncheon at which Dr. Henry was to speak. She is notably absent as a defendant in the conspiracy charges of the indictment. Requiring her to be tried jointly with Dr. Henry would lead to the jury hearing substantially more evidence regarding Dr. Henry's conduct, than that of Ms. Georges, yet could impermissibly color the jury's perception of Ms. Georges and her involvement. Even with limiting instructions, there would still be an impermissible danger of the jury convicting Ms. Georges on a theory of "guilt by association" after it hears substantial evidence about her co-defendant and his own ties to the alleged kickback scheme. As the Supreme Court has recognized, when defendants "are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U. S. 750, 774–75 (1946)). In the present case, the risk of prejudice is heightened far beyond what a court will typically tolerate as the inherent risk of any joint trial. Accordingly, this Court finds Ms. Georges' motion to sever well-taken and will exercise its discretion to grant her motion under Federal Rule of Criminal Procedure 14.

### B. Confrontation Clause

Ms. Georges also contends that, in the absence of a severance, her Sixth Amendment rights under the Confrontation Clause will be infringed if she must stand trial jointly with Dr. Henry. The Confrontation Clause of the Sixth Amendment guarantees criminal defendants the right "to be confronted with the witnesses against him." The Supreme Court has held that the right of confrontation includes the right to cross-examine witnesses. *See Pointer v. Texas*, 380 U.S. 400, 404, 406–407 (1965); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). When two defendants are tried jointly, any pretrial confession or statement of one cannot be admitted against the other, unless the defendant whose statement is to be admitted also takes the stand. *Richardson*, 481 U.S. at 206. In *Bruton v. United States*, the Supreme Court found that a limiting instruction to the jury, who will typically be presumed capable of following such instructions, would not be sufficient to secure a defendant's rights under the Confrontation Clause if his co-defendant does not take the stand. *See Bruton v. United States*, 391 U.S. 123, 137 (1968). For *Bruton* to be implicated, there must necessarily be a statement or confession of a co-defendant for the prosecution to introduce. The Government submits that it is not in possession of any statements by Dr. Henry against Ms. Georges and does not intend to introduce any statements of that kind at trial. (ECF No. 27 at 8). As this Court has already determined that severance is warranted under Rule 14 because a joint trial poses an unacceptable risk of prejudice to Ms. Georges, Ms. Georges' Sixth Amendment concerns are now **MOOT**.

### IV. CONCLUSION

In light of the substantial risk of prejudice to the Defendant's right to a fair trial, the Defendant's Motion to Sever (ECF No. 26) is **GRANTED**. Ms. Georges' new trial date is June 21, 2021. This Court will soon issue a more detailed scheduling order.

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATED: April 26, 2021